IN THE UNITED STAES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY JOEL JUDY,
Plaintiff

Case No. 2:08-CV-859

v.

JUDGE MARBLEY

MAGISTRATE ABEL

GIUSEPPE A. PINGUE,
Defendant

## MOTION TO COMPEL RESPONSES
## TO INTERROGATORIES AND REQEUSTS FOR DOCUMENTS

Now comes Defendant Giuseppe A. Pingue ("Mr. Pingue"), through legal counsel, and, for reasons set forth in the attached memorandum in support, respectfully requests that this Court issue an order compelling responses to interrogatories and requests for documents propounded upon Plaintiff.

Respectfully submitted,

/s/ James J. Leo

_____

JAMES J. LEO, Attorney for Defendant (0054052)
604 East Rich Street, 2nd Floor
Columbus, Ohio 43215-5341
jjleoincolumbus@yahoo.com
(614) 260-0648 (voice)
(614) 288-8811 (fax)

1

## MEMORANDUM IN SUPPORT
## OF DEFENDANT'S MOTION TO COMPEL

**I.  Plaintiff Must Be Compelled to Answer Interrogatories and Request for Documents Concerning His Visits to Defendant's Property And Related to the Issue of Standing.**

This case involves Plaintiff's ("Mr. Judy") allegations that barriers exist at Mr. Pingue's property ("the Property") in violation of the Americans with Disabilities Act. Mr. Judy is a resident of Florida. The Property is located in Columbus, Ohio. Mr. Judy alleges that "he frequently travels to Ohio to attend conventions to visit friends who reside in the area." (See Paragraph 3 of Plaintiff's Complaint).

On January 2, 2009, Mr. Pingue sent, by e-mail and regular mail, interrogatories and a request for production of documents to Mr. Judy. On February 13, Mr. Pingue received Plaintiff's responses. In those responses, Mr. Judy refused to answer questions and produce documents related to the specific frequency at which he visits the Property.

**Mr. Pingue propounded interrogatory 7 on Mr. Judy as follows:**

7.  Please state all dates that you visited The Property in the past five years and specify: the name and address of each particular stores, shops, restaurants, and/or other businesses located at the property that you visited; the date(s) that each store, shop, restaurant or other business was visited; and the good or service sought from each.

Mr. Judy's response:

ANWER:
Objection, the request is over broad, vague, harassing, and unduly burdensome. Further the request seeks information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

2

Mr. Pingue propounded requests 9 & 10 for documents on Mr. Judy as follows:

9. [Please produce] any and all documents which relate to your visit to the Property including, but not limited to, sales receipts and credit card statements for purchases from the stores, shops, restaurants, and other businesses located there.

Mr. Judy's response:
Objection, the request is over broad, vague, harassing, and unduly burdensome. Further the request seeks information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

10. [Please produce] any and all documents which verify your travels to Ohio in the past five years including but not limited to, sales receipts and credit card statements for airline tickets, bus tickets, and/or gasoline purchases for fueling autos driven to Ohio.

Mr. Judy's response:
Objection, the request is over broad, vague, harassing, and unduly burdensome. Further the request seeks information which is neither relevant nor reasonably calculated to lead to discovery of admissible evidence.

A. **Federal Courts have held that a Plaintiff Who Brings an ADA Barriers Case, Must Have Sufficient Contact with the Property For Standing to Exist.**

Discovery of information related to how often Mr. Judy comes into contact with the Property is relevant because courts have held that, for a plaintiff to have standing to bring an ADA barriers claim, he must sufficient contact with the property he complains of.

> The party invoking federal justification bears the burden of establishing standing. * * * To establish standing, Plaintiff must demonstrate (1) that he has suffered an injury in fact; (2) that the injury is traceable to the challenged action of the Defendant, and (3) that the injury can be addressed by a favorable decision.
> * * *
> In the ADA context, in determining whether a plaintiffs likelihood of returning to defendant's facility is sufficient to confer standing, courts have examined such factors as '(1) the proximity of the place of the public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiffs plans to return, and (4) the plaintiff's frequency of travel near defendant.

3

*Wilson v. Costco* 426 F. Supp. 2d 1115, 1118; citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, internal citations omitted.

In *Molski v. Mandarin Touch Restaurant*, 385 F. Supp. 2d 1042 (D. Cal, 2005), the court addressed an ADA standing issue and stated,

> [a]s the distance between the plaintiff's residence and the public accommodation increases, the likelihood of future harm decreases. When the distance between the two is significant, especially if it is **in excess of 100 miles**, courts have consistently held that it weighs against finding a reasonable likelihood of future harm.

Id. at 1045, emphasis added.

In this case, Mr. Judy's Florida residence is far more than 100 miles from the Property (in Ohio). It is extremely doubtful that Mr. Judy visits the Property on such a regular basis that standing exists. At the very least, he should be made to respond to the interrogatories and requests for documents concerning his contacts with the Property.

**B.     Plaintiff's "Tester" Claims Should be Rejected.**

Mr. Pingue anticipates Mr. Judy will claim that he is a "tester" for purposes of the ADA and will argue that, as such, he is not required to show sufficient contact with the Property to establish standing. There are multiple flaws to that position. First, this Circuit has not definitively addressed the issue of where a "tester" has standing for ADA claims. Second, Mr. Judy has given no basis to support his self proclaimed "tester" status.

    **i.     This Circuit Has Not Recognized "testers" For ADA Standing Purposes.**

This Circuit has not recognized ADA testers. In *Disabled Patriots v. Midamco*, 2008 U.S. Dist LEXIS 44351 (copy attached), the Court (Northern District of Ohio, Eastern Division) considered an ADA barriers claim brought by an individual claiming an intent to return as a "tester" and in her personal capacity. The Court held,

4

> The Complaint clearly articulates [Plaintiff's] intent to return in her role as a compliance "tester", and at least strongly implies that her intent to return is not based solely on her role as a tester, but that she would return to use the facilities in her individual capacity. This is sufficient to allege standing at this stage of litigation, even without deciding whether standing may be obtained if an individual's only contact with a facility is through their role as a compliance "tester".
>
> If through the course of discovery, [the Plaintiff] is not able to provide specific facts that would show that she does, in fact, have standing to pursue the alleged claims, a defense motion for summary judgement will merit serious consideration.

**ii.     Even if This Circuit Does Recognize "Testers" For Purpose of ADA Standing, Plaintiff Has Plead No Facts To Establish He Is Qualified As A Tester.**

Mr. Judy has given no basis by which he is a "tester" other than his self proclaimed status. No facts have been plead to support that claim. It is obvious that Mr. Judy has no specific knowledge about the ADA, which might set him apart as a "tester". In response to interrogatories about asking for specifics about the ADA allegations of his complaint, Mr. Judy stated he was incapable of answering since he is not an expert on such matters. Given such lack of knowledge, there is nothing to distinguish Mr. Judy from a "non tester" and no basis for his "tester" claim. If Plaintiff is a tester solely because he says so, then every ADA plaintiff must likewise be a tester.

**C.     Even if This Circuit Does Recognize ADA Testers and Even If Plaintiff Could Show He is Qualified As A Tester, He Must Still Show Sufficient Contact with the Property to Achieve Standing.**

Even if this Circuit were to recognize testers for ADA claims and even if Mr. Judy had plead facts to show he is a qualified "tester", that alone would not negate his duty to respond to discovery requests about his contact with the Property. Federal Courts have held that even testers must establish the likelihood of future contacts with the property they identify in ADA barrier claims.

5

Im *Tandy v. City of Wichita* 380 F.3d 1277, 1283; the court addressed the standing issue concerning ADA testers and stated,

> [t]o establish Article III standing, a plaintiff must show that: (1) she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action[10] of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by the relief requested. * * *
>
> The "injury in fact" requirement is satisfied differently depending on whether the plaintiff seeks prospective or retrospective relief. * * * To seek prospective relief, the plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future.

Id., internal citations omitted.

The Tandy court went on to specifically address the ADA tester/standing issue. It held,

> [Plaintiff] has tester standing to seek prospective relief. He established the requisite injury in fact because he is under a real and immediate threat of experiencing a lift malfunction. See Lyons, 461 U.S. at 102, 103 S.Ct. 1660. [Plaintiff] averred that he intends to test Wichita Transit's fixed-route services **several times per year**, starting in May 2002.

Id. at 1287, emphasis added.

Thus while some courts have said testers may have standing, they still require a evidence that the plaintiff will visit the property several times a year to demonstrate the likeliness of the injury and the prospective relief aspects of standing. Once again, questions about Mr. Judy's contact with the Property are relevant.

## II. Plaintiff Must be Compelled to Answer Interrogatories Concerning his Involvement In Other Lawsuits

**Mr. Pingue propounded interrogatory 6 on Mr. Judy as follows:**

6. Please state any civil lawsuits in which you are currently involved in and/or have been involved in over the past ten years, either as a plaintiff, defendant, expert witness, or fact witness, and state:

6

a) whether you were the plaintiff, defendant, expert, or fact witness
b) the outcome (i.e., verdict and dollar amount awarded to plaintiff or defendant)
c) the case citation (i.e., parties names, case number, and name of court)

Mr. Judy's response:
ANWER:
Objection, the request is over broad, vague, harassing, and unduly burdensome. Furthermore, the request seeks information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence Additionally this request seeks information which, in part, is readily available on various federal databases such as PACER, other information which is covered by confidentiality agreements.

A plaintiff's involvement in other law suits can be a factor for the jury to weigh in assessing motives, and damages for the suit at hand. For example, an individual who has initiated dozens of lawsuits might be deemed a "professional plaintiff" by the jury and alleged damages might therefore be suspect. Furthermore, where a plaintiff has engaged in a pattern of multiple lawsuits, the courts have held that such activity can undermine the true intent for the current suit and the genuineness of claimed injuries.

In *Molski*, the plaintiff was an individual with a "well documented" history of bringing ADA lawsuits. Id. at 1044. The Court stated,

> [f]or a variety of reasons, the Court finds that Mr. Molski's [Plaintiff] litigation history undercuts his credibility and belies an intent to return to the Mandarin Touch [Restaurant]. As a result, Mr. Molski's professed intent to return to the Mandarin Touch is insufficient to establish standing.

Id. at 1046.

It is relevant to consider the past lawsuits that the Plaintiff has been involved in and Mr. Judy should be compelled to respond to the interrogatory.

## II. CONCLUSION

Mr. Pingue respectfully requests that this case Mr. Judy be compelled to respond to the interrogatories and requests for documents as set forth above. Mr. Pingue further

7

requests that this Court order that Mr. Judy reimburse Mr. Pingue's attorneys fees in bringing this motion.

Respectfully submitted,

/s/ James J. Leo

_____

JAMES J. LEO, Attorney for Defendant (0054052)
604 East Rich Street, 2nd Floor
Columbus, Ohio 43215-5341
jjleoincolumbus@yahoo.com
(614) 260-0648 (voice)
(614) 288-8811 (fax)

## CERTIFICATE OF SERVICE

This will certify that this MOTION TO COMPEL was sent, via electronic mail, through this Courts notice of electronic filing system and simultaneously with the filing in Court to:

James Benford Reese, III, Attorney
jreese@reeseattorneys.com

                                          s/ James J. Leo

                                          James J. Leo, Attorney (00540052)
                                          Attorney for Giueseppe Pingue

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., et al., | ) CASE NO.: 1:07 CV 3164 <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) JUDGE DONALD C. NUGENT <br> ) |
| MIDAMCO, INC., | ) <br> ) MEMORANDUM OPINION |
| Defendant. | ) AND ORDER <br> ) |

This matter is before the Court on Defendant, Midamco, Inc.'s ("Midamco") Motion to Dismiss for Lack of Standing. (ECF # 13). Plaintiffs filed a "Response to Motion to Dismiss (D.E. 13) and Motion for Leave to Amend Complaint." (ECF # 15). After careful consideration of the briefs and a review of all relevant authority, Defendant's motion to dismiss is DENIED.

**STANDARD OF REVIEW**

A defendant is entitled to fair notice of the basis for a plaintiff's claims. *See Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1964 (2007). Fair notice is satisfied when a complaint contains at least the operative facts upon which the plaintiff bases his or her claim(s). *Id.* A



plaintiff's obligation to provide fair notice requires more than just labels and conclusions; the plaintiff must offer factual allegations sufficient to raise the possibility of a right to relief above the speculative level. *Id.* at 1965.

### FACTS AND ANALYSIS[1]

The Complaint alleges that Bonnie Kramer, and other persons with disabilities (represented by Disabled Patriots of America, Inc., hereinafter "Disabled Patriots") have suffered or will suffer injury because the Defendant Midamco is not in compliance with the requirements of the Americans With Disabilities Act ("ADA"). (Complaint ¶ 3). The Complaint further alleges that Bonnie Kramer is a member of the non-profit corporation, Disabled Patriots of America, Inc., is disabled as defined by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and uses a wheelchair for mobility purposes. Ms. Kramer is a "tester" who personally visits public accommodations and seeks out barriers that she believes violate the ADA. If such barriers are found, Ms. Kramer initiates legal proceedings. (Complaint ¶¶ 2 - 4).

In this case, Ms. Kramer claims that she attempted to access Midamco's facilities, but that she was unable to do so because there were barriers to access, dangerous conditions, and other alleged ADA violations that precluded or limited her access to the facilities and/or to the goods and services offered therein. (Complaint ¶13). The Complaint contains a more detailed list of alleged violations including those relating to parking, entrances, door width, counter heights, protruding objects, and restrooms. (Complaint ¶ 16), but it does not specify when Ms. Kramer

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts in the Complaint have been taken as true for purposes of this opinion.

encountered the alleged violations or where within the facility the alleged violations were found.

The Complaint alleges that Bonnie Kramer visited the facility both in her individual capacity and as a "tester," and that she intends to visit the facility again in the near future in order to use the goods, services, facilities, privileges, advantages and accommodations offered at the facility. (Complaint ¶ 14).  Plaintiff Bonnie Kramer has alleged that she suffered an injury, due to the conditions at the Defendant's facilities, and that injunctive relief would address her injuries because she intends to return to the facility in the near future.  The Complaint clearly articulates her intent to return in her role as a compliance "tester," and at least strongly implies that her intent to return is not based solely on her role as a tester, but that she would return to use the facilities in her individual capacity.  This is sufficient to allege standing at this stage of the litigation, even without deciding whether standing may be obtained if an individual's only contact with a facility is through their role as a compliance "tester."

If through the course of discovery, Ms. Kramer is not able to provide specific facts that would show that she does, in fact, have standing to pursue the alleged claims, a defense motion for summary judgment will merit very serious consideration.  However, at this stage of the proceedings, she has alleged sufficient facts to withstand a motion to dismiss on this issue. The Court also finds, however, that based on the pleadings set forth in the Complaint,  Disabled Patriots of America, Inc.'s standing to participate in this action will be limited to the claims that are also available to Ms. Kramer.  The Complaint does not make any specific allegations that other members of the organization have been subjected to injury at the Midamco facility, that any such members have a specific intent to return to the facility such that any actual injury could be addressed by the injunctive relief sought in this action, or indeed, even that the organization has

-3-

other disabled members in Ohio (or elsewhere). Further, no other members' disabilities have been identified. This case, therefore, is limited to the redress of alleged ADA violations that directly affect Ms. Kramer due to her specific disability.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss for Lack of Standing (ECF #13) is hereby DENIED. The Plaintiff's motion for leave to file an amended complaint is therefore unnecessary and is also DENIED. (ECF #15). IT IS SO ORDERED.

S/Donald C. Nugent
Judge Donald C. Nugent
United States District Judge

Date: __June 4, 2008__