IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeffrey Joel Judy, :

    Plaintiff : Civil Action 2:08-cv-859

v. : Judge Marbley

: Magistrate Judge Abel

Giuseppe A. Pingue,

    Defendant :

**ORDER**

This matter is before the Magistrate Judge on Defendant Giuseppe A. Pingue's March 10, 2009 Motion to Compel Responses to Interrogatories and Requests for Documents. Plaintiff Jeffrey Joel Judy filed his response in opposition on April 1, 2009. This case arises out of an alleged violation of the ADA by Defendant, with the Plaintiff's complaint alleging certain deficiencies in accommodations at Defendant's property.

For the reasons that follow, Defendant's Motion to Compel Responses to Interrogatories and Requests for Documents is **GRANTED**. Plaintiff is ordered to respond to Defendant's interrogatories 6, 7, 9, and 10, in accordance with this order.

**I.    Brief Facts**

This case arises out of an alleged violation of Title III the American with Disabilities Act (ADA) by the Defendant Giuseppe A. Pingue. (Doc. 1). As alleged by Plaintiff, he is a resident of the state of Florida who frequently visits Columbus, Ohio. (Doc. 1, at ¶ 3). Plaintiff alleges

1

he is an individual with a qualifying disability under the ADA. (Doc. 1, at ¶ 4).  Plaintiff claims that he has visited and intends to visit in the future a property owned by the Defendant, but in so doing, encountered significant barriers which discriminated against him in violation of the ADA. (Doc. 1, at ¶¶ 11-14).

As this case entered the discovery process, the Defendant submitted to the Plaintiff various interrogatories, four of which are the issue of the present motion to compel.  (Doc. 18). The four interrogatories at issue are as follows:

> Interrogatory 6: Please state any civil lawsuits in which you are currently involved in and/or have been involved in over the past ten years, either as a plaintiff, defendant, expert witness, or fact witness, and state:
> a) whether you were the plaintiff, defendant, expert, or fact witness
> b) the outcome (i.e., verdict and dollar amount awarded to plaintiff or defendant)
> c) the case citation (i.e., parties names, case number, and name of court). (Doc. 18, at 6-7).

> Interrogatory 7: Please state all dates that you visited The Property in the past five years and specify: the name and address of each particular stores, shops, restaurants, and/or other businesses located at the property that you visited; the date(s) that each store, shop, restaurant or other business was visited; and the good or service sought from each. (Doc. 18, at 2).

> Interrogatory 9: [Please produce] any and all documents which relate to your visit to the Property including, but not limited to, sales receipts and credit car statements for purchases from the stores, shops, restaurants, and other businesses located there. (Doc. 18, at 3).

> Interrogatory 10: [Please produce] any and all documents which verify you travels to Ohio in the past five years including but not limited to, sales receipts and credit card statements for airline tickets, bus tickets, and/or gasoline purchases for fueling autos driven to Ohio. (Doc. 18, at 3).

The Defendant responded to these interrogatories with a similar response to each: "Objection, the request is over broad, vague, harassing, and unduly burdensome.  Further the request seeks information which is neither relevant nor reasonably calculated to lead to

2

discovery of admissible evidence." (Doc. 18, at 2, 3). Additionally, in response to interrogatory 6, the Defendant added, "Additionally this request seeks information which, in part, is readily available on various federal databases such as PACER, other information which is covered by confidenti-ality agreements." (Doc. 18, at 7).

The crux of Defendant's argument in his motion to compel is that the information sought through these interrogatories is relevant to the issue of the Plaintiff's standing to bring a claim under the ADA. (Doc. 18). The Plaintiff's response reasserts his objections to the interrogator-ies stating that the information sought is irrelevant to the claim. (Doc. 21). Also Plaintiff asserts that he supplied Defendant in full with any and all information requested, except for any informa-tion deemed irrelevant by the Plaintiff. (Doc. 21).

## II. Law

### A. Discovery in General

If a party fails to make a disclosure required by Federal Rule of Civil Procedure 26(a), any other party may move to compel disclosure and for appropriate sanctions. Fed. R. Civ. P. 37(a)(2)(A). Likewise, a party seeking discovery may move for an order compelling compliance with the discovery rules if a party fails to answer an interrogatory, or a party, in response to a request for inspection, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested. Fed. R. Civ. P. 37(a)(2)(B).

Federal Rule of Civil Procedure 26 generally enables a party to "obtain discovery regard-ing any nonprivileged matter that is relevant to [the] party's claim or defense," Fed. R. Civ. P 26(b)(1), and to have that discovery material updated and corrected by the opposing party throughout the course of the proceedings. Fed.R.Civ.P. 26(e)(1). Nevertheless, "district courts

3

have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 457 (6th Cir. 2008); *Surles ex rel. Johnson v. Greyhound Lines, Inc.,* 474 F.3d 288, 305 (6th Cir.2007) (citing Fed.R.Civ.P. 26(b)(2)); *accord Marshall v. Westinghouse Elec. Corp.,* 576 F.2d 588, 592 (5th Cir.1978) (Rule 26 "does not, however, permit a plaintiff to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive.").

Notwithstanding the trial court's discretionary power to limit discovery, the scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); s*ee Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 501 (6th Cir.1970); *see also E.E.O.C. v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D.Wis. 1996) (stating that the test for relevance in the discovery area is an extremely broad one and that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action) (internal quota-tion omitted).

The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence. *Lewis*, 125 F.3d at 402 (citing *Mellon*, 424 F.2d at 501); *see also Oppen-heimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389-90, 57 L.Ed.2d 253 (1978). However, discovery of matter not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1). Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise

relevant to issues in the case. *Lewis*, 125 F.3d at 402 (citing *Oppenheimer Fund*, 437 U.S. at 351-52 (internal quotation omitted).

A motion to compel discovery is addressed to the sound discretion of the trial court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In exercising its discretion, the court must be mindful that the parties are permitted to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. *See Klockner H & K Machines*, 168 F.R.D. at 235.

**B. Discovery relevant to an ADA barriers claim**

The Defendant in this case has argued that the requested discovery is relevant for the purposes of determining standing. The Supreme Court has set forth three fundamental requisites of standing that every litigant invoking the jurisdiction of the federal courts must possess: (1) injury in fact--an invasion of a legally-protected interest that is both concrete and particularized, actual or imminent, (2) causation, and (3) redressability by a favorable decision. *Lujan v. Defend-ers of Wildlife,* 504 U.S. 555, 560-61 (1992); *Geer v. Medallion Homes Ltd. Partnership*, No. 04-CV-71294, 2005 WL 2708992, at *4 (E.D. Mich. Oct. 20, 2005).

Neither the Supreme Court nor the Sixth Circuit Court of Appeals has addressed standing issues in Title III ADA cases comparable to the case *sub judice. See Vaughn v. Rent-A-Center, Inc.*, No. 2:06-cv-1027, 2009 WL 723166, at *6 (S.D. Ohio March 16, 2009). However, numerous district courts and other circuit courts have done so. *Id*. In the ADA context, a plaintiff must establish a likelihood of returning to the defendant's business to demonstrate a real threat of future harm. *Vaughn*, 2009 WL at *6; *see, e.g., Steger v. Franco, Inc.,* 228 F.3d 889, 893 (8th Cir. 2000); *Pickern v. Holiday Quality Foods, Inc.,* 293 F.3d 1133, 1137-38 (9th Cir.2002); *Molski v.*

*Arby's Huntington Beach,* 359 F.Supp.2d 938, 946 (C.D.Cal.2005); *Parr v. L & L Drive-Inn Rest.,* 96 F.Supp.2d 1065, 1079-80 (D.Haw.2000) (plaintiff must demonstrate a sincere intent to return); *Davis v. Flexman,* 109 F.Supp.2d 776, 784 (S.D. Ohio 1999) (patient lacked standing to seek injunctive relief under ADA where there was no evidence that she intended to return to the clinic). To determine whether an ADA plaintiffs' likelihood of returning to defendant's facility is sufficient to confer standing courts have considered: "(1) the proximity of defendant's business to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Vaughn*, 2009 WL at *6; *D'lil v. Stardust Vacation Club,* No. 2:00-CV-01496, 2001 WL 1825832, at *3 (E.D.Cal. Dec.21, 2001).

### C. Discovery relevant to motivations for bringing suit

The Defendant in this case has asserted that the Plaintiff's litigation history is relevant to determining standing. While this Court has not found Sixth Circuit case law specifically supporting the relevance of a party's litigation history to standing in an ADA barriers claim, it must note that in other contexts, where a party's litigation history is relevant to the motivations for filing suit, it may be relevant to the determination of the claim. *See, e.g.*, *Callihan v. Kentucky*, 36 Fed.Appx. 551, 552-553 (6th Cir. 2002) (examining a plaintiff's litigation history as relevant to an order barring the plaintiff from filing certain future suits); *American Relocation Network Intern., Inc. v. Wal-Mart Stores, Inc.*, No. 96-5540, 1997 WL 415313, at *3 (6th Cir. July 21, 1997) (stating that discovery "encompasses any matter not privileged which is relevant," but finding that the party's litigation history was not relevant to the action). However, other circuits and districts have addressed the issue of relevance of litigation history in the context of

ADA barriers claim standing, and this Court will take guidance from their analysis and decisions.

The Court finds compelling a restatement and analysis of the law written by the Central District of California:

> ADA plaintiffs seeking injunctive relief must demonstrate that they themselves face a real and immediate threat of future harm. Standing cannot be established by respondents' mere profession of an intent, some day, to return. To the contrary, where a plaintiff lacks "concrete plans to return," the Court must satisfy itself that the plaintiff's professed intent to return is sincere and supported by the factual circumstances of the case. A serial plaintiff's extensive litigation history can undermine his professed intent to return. [*Brother v. Tiger Partner, LLC,* 331 F.Supp.2d 1368, 1374-75 (M.D. Fla 2004)] ("[I]n view of his extensive litigation history, Mr. Brother's professed intent to return to the property is insufficient. Indeed, to satisfy Article III's standing requirements, Mr. Brother has professed an intent to return to all fifty-four of the properties he has sued. This is simply implausible.").

*Molski v. Mandarin Touch Restaurant*, 385 F.Supp.2d 1042, 1046 (C.D. Cal. 2005) (internal citations and quotations omitted). Other courts have followed this reasoning: that a plaintiff's litigation history as pertaining to other ADA barriers claims is relevant to the plaintiff's intent, or lack thereof, to return. *See Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05cv1660 J(WMc), 2008 WL 1805828, at *6 (S.D. Cal. April 21, 2008) (finding that "the Court carefully considered the full details of Plaintiff's litigation history as well as the details of his Restaurant visits in this case, in reaching its conclusion that Plaintiff does not have a sincere intent to return to Chipotle"); *Norkunas v. Wynn Resorts Holdings, LLC*, No. 2:07-cv-00096-RLH-PAL, 2007 WL 2949569, at *4 (D. Nev. Oct. 10, 2007) ("The requirement that Plaintiffs' submit evidence to support their professed intent to return to Wynn Las Vegas is especially important where, as here, Plaintiffs have an extensive litigation history relating to ADA claims. As other courts have

7

indicated, a plaintiff's litigation history can undercut the sincerity of his or her expressed intent to return." (citation to *Molski* and *Brother* omitted).

   III.   **Application**

   A.      **Interrogatories 7, 9 and 10**

Interrogatories 7, 9, and 10 all seem calculated to discover whether the Plaintiff has standing to bring a claim for violation of Title III of the ADA, and is admitted as such in Defendant's motion to compel. While the Plaintiff notes in reference to interrogatory 9 that he may have visited the Property but did not make a purchase and therefore any receipts are irrelevant, the existence of such receipts is concrete evidence that the Plaintiff has in fact visited the Property. If the Plaintiff does not have such receipts, he obviously need not provide them. However, these receipts are not discoverable by Defendant independently, which makes them appropriately discoverable through the discovery process. Any such existing receipts are relevant to whether the Plaintiff has visited the property and his intent to return to the Property, which must be shown by a plaintiff bringing a claim under the ADA. *Vaughn*, 2009 WL at *6 (To determine whether an ADA plaintiffs' likelihood of returning to defendant's facility is sufficient to confer standing courts have considered: … (2) the plaintiff's past patronage of defendant's business.).

In reference to interrogatory 7, the Plaintiff notes that he has visited the Property and has provided the Defendant with pictures of the deficiencies located at the Property. The Defendant, however, has requested a list of dates in interrogatory 7 that the Plaintiff visited these stores and the Property in general. A list of dates specifying when the Plaintiff has visited the Property does not seem meant to ascertain whether the Plaintiff has *ever* visited the property—as Plaintiff

seems to suggest from his argument—but rather goes toward the issue of threat of future harm, which must be shown by a plaintiff bringing a claim under the ADA. *Id.* (To determine whether an ADA plaintiffs' likelihood of returning to defendant's facility is sufficient to confer standing courts have considered: … (2) the plaintiff's past patronage of defendant's business.) .

Interrogatory 10 requests any documents verifying past travel to Ohio in the past five years. The Plaintiff notes that an ADA plaintiff need only to visit the property once to satisfy the injury in fact requirement. However, the Plaintiff must still have standing to bring a claim under the ADA, which requires a showing that the Plaintiff is likely to suffer future harm. *Id.* Accordingly, the Plaintiff's frequency of travel near the defendant is relevant as one factor for determining his intent to return. *Id.* (To determine whether an ADA plaintiffs' likelihood of returning to defendant's facility is sufficient to confer standing courts have considered: … (4) the plaintiff's frequency of travel near defendant.).

Accordingly, the Plaintiff must respond to interrogatories 7, 9 and 10 as each is meant to ascertain information relevant to the Defendant's defense purporting lack of standing.

**B.      Interrogatory 6**

Interrogatory 6 asked the Plaintiff to state, inter alia, any civil lawsuits in which he is currently involved or has been involved in over the past ten years. In response, the Plaintiff objected and noted that there is no limitation on the number of law suits a person may bring and that any information pertaining to the Plaintiff's involvement in law suits is available through PACER. The Plaintiff also draws an analogy to the large number of foreclosure actions brought by banks. The Defendant has requested this information as it pertains to the Plaintiff's intent to return to the Property in the context of the Plaintiff's standing to bring an ADA violation claim.

9

As noted previously, this Court finds persuasive other district courts analysis of litigation history pertaining to the intent to return requirement. Given that the Plaintiff in this case resides in Florida, evidence of extensive ADA litigation history may serve to assist the Defendant in showing a lack of intent to return as it relates to standing. *Id*. (To determine whether an ADA plaintiffs' likelihood of returning to defendant's facility is sufficient to confer standing courts have considered: … (3) the definitiveness of plaintiff's plans to return.). In this sense, the Plaintiff's litigation history is relevant to the issue of intent to return.1

However, the Defendant has asked that the Plaintiff state "any civil lawsuit" in which he is currently involved or has been involved in over the past ten years. This is overbroad and the Defendant should have narrowed his request. The civil suit involvement described by our sister courts that is relevant to the issue of intent to return is the number and frequency of ADA barriers claims in which the Plaintiff is or was a party. Any other involvement in any other type of civil suit does not go to the issue of intent to return as it pertains to standing in an ADA barriers claim, and is irrelevant to this case. For the plaintiff to have standing to bring an ADA barriers claim, he must show his own intent to return to the deficient property. For litigation history to be rele-vant, the plaintiff's involvement as a party in other ADA barriers claims where he allegedly has professed an intent to return is most pertinent.

For these reasons, interrogatory 6 shall be limited to any ADA barrier claim in which the Plaintiff is or was a party in the past 10 years. While this information may or may not be public,

---

1 As a cursory note, the Court finds the Plaintiff's analogy to bank foreclosures illogical and misplaced. A bank obviously suffers continuing and future harm when their customers fail to pay and continue to fail to pay on their loans. A bank may file as many foreclosure actions as necessary to prevent future harm by their defaulting customers. In this case, the future harm to be suffered by Plaintiff is not so easily ascertainable, especially when showing future harm vis a vis an intent to return is a requirement for standing.

the Plaintiff is in the best position to provide the Defendant with this information. Any confidential information regarding a specific suit may be omitted with an explanation as to the reasons for omission. However, the existence of the law suit itself is not confidential, and as it is relevant to the Defendant's defense, should be provided by the Plaintiff.

**IV.  Conclusion**

For the foregoing reasons, Defendant's Motion to Compel Responses to Interrogatories and Requests for Documents is **GRANTED**. Plaintiff is ordered to respond to Defendant's interrogatories 6, 7, 9, and 10, in accordance with this order.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F., 5 either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel<br>United States Magistrate Judge