IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeffrey Joel Judy,                              :

            Plaintiff          :          Civil Action 2:08-cv-859

  v.                                           :          Judge Marbley

Giuseppe A. Pingue ,                       :          Magistrate Judge Abel

            Defendant         :

**ORDER**

This matter is before the Magistrate Judge on plaintiff Jeffrey Joel Judy's June 11, 2009 motion to compel responses to plaintiff's requests for production (doc. 23).

Plaintiff seeks the following documents:

Document Request No. 3. Financial statements (annual statements, income statements, and cash flow statements) of the Defendant for the years 1992 through the present.

Document Request No. 4. A copy of any corporate income tax returns or partnership tax returns or individual tax return for the last three years.

Document Request No. 5. A copy of any financial projections (estimate of future growth in revenue) for the corporation.

Plaintiff argues that these records are necessary to determine whether the barrier modifications at issue are "readily achievable" in the context of the Americans with Disabilities Act. Where, as here, the subject property is an "existing facility," which was constructed prior to the enactment of the ADA and has not undergone extensive

1

renovation since that date, the defendant is only responsible for removing architectural barriers when the removal is readily achievable. 42 U.S.C. § 12181(9). The factors to consider when determining if a barrier is readily achievable include consideration of:

> (A) The nature and cost of the action needed …
> (B) The overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise on of such an action on the operation of the facility;
> (C) The overall resources of the covered entity; the overall size of the business of the covered entity with respect to its number of employees; the number, type, and location of its facilities; and
> (D) The type of operation or operations of the covered entity, including the composition, structure, and functions of the work force of such entity; the geographic separateness, administrative relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)-(D).

Defendant argues that plaintiff's requests for documents includes requests for information that are either extremely out of date or highly speculative, and the requests are not relevant as a result. Although financial resources are considered when determining whether removal of a barrier is readily achievable, financial records from as early as 1992 are simply not relevant to whether the removal is readily achievable at this time. With respect to plaintiff's request for financial projections for the future, defendant has responded that no such documents exist. The Court cannot compel defendant to produce what does not exist. Defendant is, however, obligated to respond honestly and completely to discovery requests, and failure to do so will result in sanctions. *Bratka v. Anheuser-Busch*, 164 F.R.D. 448, 463 (S.D. Oh. 1995). Finally, despite

2

his objections, defendant produced tax returns for the past three years in the interest of cooperation.

For the reasons stated above, plaintiff Jeffrey Joel Judy's June 11, 2009 motion to compel responses to plaintiff's requests for production (doc. 23) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel
United States Magistrate Judge